69 F.3d 555
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Alfonso F. MORENO, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 95-3506.
 United States Court of Appeals, Federal Circuit.
 Nov. 6, 1995.
Rehearing Denied Dec. 15, 1995.
 
 Before MICHEL, PLAGER, and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Alfonso Moreno petitions for review of a decision of the Merit Systems Protection Board (Board) affirming the Department of Defense, Defense Logistics Agency's removal of Moreno for misconduct and breach of a last chance agreement. We affirm.
 
 DISCUSSION
 
 2
 The Board's finding that Moreno committed serious acts of misconduct that violated the agreement was based on substantial evidence. The Board found that Moreno violated the agreement by approaching a co-worker and telling her that another employee was a "whore"[1] for filing a sexual harassment complaint against him. Moreno also made crude accusations regarding the other employee's personal life, blocked the co-worker from walking away, and physically pushed her. The Board also found that Moreno violated the agreement by committing an unsafe act in the workplace, by riding a skateboard in an area near moving conveyors, forklifts, and other machinery. The Board found that each of the sustained charges constituted a violation of the last chance agreement, and that removal was a reasonable penalty for Moreno's misconduct. These findings were based in part on the Board's evaluation of the credibility of witnesses, which is "virtually unreviewable" on appeal. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 3
 Mr. Moreno has not met his burden of proving that the Board's decision to affirm his removal was arbitrary, capricious, an abuse of discretion, procedurally incorrect, unsupported by substantial evidence, or otherwise not in accordance with law. See 5 U.S.C. Sec. 7703(c) (1994). Accordingly, we affirm.
 
 COSTS
 
 4
 Each party to bear its own costs.
 
 
 
 [1]
 The Board found that Moreno used the term "pinche puta," and that this term is Spanish for "whore" or "fucking whore."